THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ROBERT SEBRING, | ) | Case No. 2:06-CV-896 DS |
| Plaintiff, | ) | MEMORANDUM DECISION ON DEFENDANT'S MOTION FOR SUMMMARY JUDGMENT |
| | ) | |
| vs. | ) | |
| | ) | |
| AUTOZONE, INC., | ) | |
| | | |
| Defendant. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


This matter is before the Court on Defendant AutoZone, Inc.'s ("AutoZone") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. AutoZone moves for summary judgment on the sole remaining claim that the Plaintiff, Robert Sebring ("Sebring"), was wrongfully terminated from employment because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., ("ADEA"). The court has reviewed the materials submitted and is prepared to issue the following ruling.

Summary judgment may be granted if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)*; Meyerhoff v. Michelin Tire Corp.*, 70 F.3d 1175, 1178 (10th Cir. 1995). A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoted in *Adamson v.*

1

*Multi Community*, 514 F.3d 1136, 1145 (10th Cir. 2008).  However, a plaintiff's speculation, suspicion, ignorance of facts, conjecture or surmise is not sufficient to create a genuine issue of material fact, or to defeat summary judgment. *Lollis v. City of Eufala*, 249 Fed.Appx. 20,22 (10th Cir. 2007); *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1164 (10th Cir. 2007).

Sebring admits that employees at the Provo store "got along really well" (Ex. 1, p.58); Chris Williams, the Store Manager, "always had a good relationship" with Sebring (Ex. 1, p.26). Williams had the day off and Sebring was working in the back of the store on February 10, 2006 when George Meese, the Assistant Store Manager, sent employee Chad Nielson ("Nielson") to the back of the store, instructing Nielson to tell Sebring to do labeling work. (Ex. 1, pp. 58-59; Ex. 4, p.18.).  Sebring refused to begin the labeling work because he had more pressing matters to attend to first. (Ex. 1, pp. 58-59; Ex. 4, p. 18.). Nielson allegedly ignored Sebring's statement, and then positioned himself in front of Sebring telling him to work on the labels immediately. *See Affidavit of Robert M. Sebring,* ¶ 13.  According to Sebring, he asked Nielson to return to his work station at least five times. *Id.*, ¶ 14.  The fifth time Sebring asked Nielson to return to his station, he did so forcefully and in a loud voice. *Id.*, ¶ 16.  At this point, Nielson allegedly stepped forward and placed himself literally within inches of Sebring's face. *Id.*, ¶ 17.  Nielson then said, "Nobody talks to me like that!" Sebring stated that he felt physically threatened because Nielson is a much younger man, so he put both of his hands on Nielson's chest and pushed him back. *Id.*, ¶ 19.  At this point, Nielson immediately turned around, went to the telephone, and called Williams, who then sent Sebring and Nielson home. *Id.*, ¶ 21.

Sebring argues that Chris Williams wanted to fire him because of his age. Sebring further argues that Chad Nielson wanted Sebring's job. *See Response to Defendant's Motion for Summary Judgment*, at 18.  According to Sebring, Williams and/or Nielson may have engineered a plan whereby Nielson "goaded" Sebring into violating AutoZone's "Zero tolerance" policy. *Id*. Sebring contends that a plan, when hatched by low-level employees (Williams, store manager, and Nielson) to "get rid of" another employee (Sebring) because of his age, violates the ADEA. *Id*.  Accordingly, he argues further, their conduct necessarily creates liability against AutoZone under respondeat superior and governing case law. *Id*.

The ADEA makes it unlawful for an employer "to discharge any individual … because of [his] age." 29 U.S.C. § 623(a)(1).  The recent U.S. Supreme Court decision, *Gross v. FBL Fin. Servs., Inc.*, No. 08-441, 557 U.S. (June 18, 2009), which can be accessed at http"//www.supremecourtus.gov/opinions/08pdf/08-441.pdf (slip opinion), was issued after both sides filed their memoranda.  In order to prevail in an ADEA discharge case under the old standard, a plaintiff was required to establish that age was a determining factor in the decision to terminate his employment. *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 557 (10th Cir. 1996); *Oglesby v. Hy-Vee, Inc.*, Fed.Appx. 829, 831 (10th Cir. 2007) (unpublished).  Although the plaintiff was not required to show that age was the sole reason, the plaintiff was required to show that age "made the difference" in the adverse employment action. *Oglesby*, 214 Fed.Appx.at 831. The *Gross* case trumps and eliminates the "determining factor" and "made the difference" standards that were previously adopted by this court.

The *Gross* decision mandates that "a plaintiff bringing a disparate-treatment claim pursuant to the ADEA [i.e., Sebring] must prove, by a preponderance of the evidence, that age

3

was the 'but for' cause of the challenged adverse employment action." *Id.* at 12.  Based on this recent holding,  Sebring must prove that his age was the "but-for" cause of AutoZone's decision to terminate him.

The court finds that Sebring's age was not the "but-for" cause of AutoZone's decision to terminate him from employment.  Several facts strongly support the court's decision.  First, AutoZone initially hired Sebring in Arizona at the age of 51.  In addition, AutoZone re-hired Sebring (after he had resigned to move from Arizona to Utah) when he was 59 years old- a fact that provides further evidence that AutoZone does not discriminate based on age. Second, Sebring admittedly pushed Nielson in the workplace, which was unwelcome physical contact. Third, AutoZone's policies make clear that the Company has a "zero tolerance policy" for unwanted physical contact in the workplace. *See Response to Defendant's Motion for Summary Judgment*, *supra*.  Fourth, AutoZone managers who made, or provided input into, the termination decision are not aware of any other employees who were retained after initiating similar contact. *See Reply Memorandum in Support of Defendant's Motion for Summary Judgment* at 2.  Fifth, two investigations into the pushing incident were conducted, and AutoZone's legal department was consulted twice on the termination decision. *Id.* at 3  Finally, neither Williams nor Nielson had any input into the decision to terminate Sebring's employment. *Id.* at 2.  In addition, after Sebring was terminated, Ted Perry- who is one year older than Sebring- was approached about filling Sebring's position.  However, Perry told Williams that he was not interested in the position. *Id.*

In light of these facts, the court concludes that Sebring's argument is based on speculation, suspicion, and surmise. *See e.g. Montes,* 497 F.3d 1160, 1164 (finding that mere

speculation does not create a genuine issue of material fact required to defeat summary judgment).  Moreover, the facts do not show by a preponderance of the evidence, that age was the 'but for' cause of Sebring's termination of employment. *Gross*, at 12.  Therefore, Sebring has not met his burden in proving that his age was the "but-for" cause of AutoZone's decision to terminate him.

Accordingly, the Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 is granted.

So Ordered.

DATED this 6th  day of August, 2009.

BY THE COURT:

David Sam
Senior Judge
United States District Court

5